**IN THE UNITED STATES DISTRICT COURT**    US DISTRICT COURT
**WESTERN DISTRICT OF ARKANSAS**    WESTERN DIST ARKANSAS
**HOT SPRINGS DIVISION**    FILED

**NOV 2 6 2014**

CHRIS R. JOHNSON, Clerk
By

Deputy Clerk

JAMES L. GARIBAY

           Plaintiff,

   -against-

Civil Action No. 14-6138

PORTFOLIO RECOVERY ASSOCIATES, LLC    **JURY TRIAL DEMANDED**
A Virginia Corporation

           Defendant.

## ORIGINAL COMPLAINT

Plaintiff, James L. Garibay, (Garibay), by his undersigned counsel brings this action against

Portfolio Recovery Associates, LLC (Portfolio), and states:

### STATEMENT OF JURISDICTION AND VENUE

1.    Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331, 15 U.S.C.

§1692k(d), and 28 U.S.C. §1367 for pendant state law claims.

2.    This action arises out of Defendant's violations of the Fair Debt Collection

Practices Act, 15 U.S.C. §1692, et seq. and State law claims for invasion of privacy by intrusion

upon seclusion.

3.    The acts and events complained of in this Complaint occurred within Hot Springs,

Garland County, Arkansas.

1

4.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because the

events giving rise to the claims occurred here, Plaintiff resides here, and Defendant transacts

business here.

## **PARTIES TO THE CLAIM**

5.      The averments set forth in paragraphs 1-4 are adopted herein and incorporated as

if set forth word for word.

6.      Garibay is a resident of Hot Springs, Garland County, Arkansas, and is a

"consumer" as defined by 15 U.S.C. §1692a(3), and/or "any person" as defined by 15 U.S.C.

§1692d.

7.      At the time of the incident described further herein, Portfolio was a "debt

collector /debt buyer," as that term is defined by 15 U.S.C. §1692a(6) and attempting to collect a

"debt," as defined in 15 U.S.C. §1692a(5).

8.      Portfolio is being served via its registered agent for service of process:

> Corporation Service Company
> 300 Spring Building, Suite 900
> 300 S. Spring Street
> Little Rock, AR  72201

## **FACTUAL BACKGROUND**

9.      The averments set forth in paragraphs 1-8 are adopted herein and incorporated as

if set forth word for word.

10.     Portfolio filed a lawsuit against Garibay on September 19, 2014 in the District

Court of Garland County, Arkansas-Hot Springs Division, asserting a consumer debt. A copy of

that suit is attached hereto as "**Exhibit 1**" and incorporated as if set forth word for word.

2

11.     The lawsuit alleged Garibay defaulted on a U.S. Bank National Association account obligation with the original creditor, U.S. Bank.

12.     The original creditor was actually RBS Citizens, N.A. which upon information and belief was either sold to U.S. Bank or the account in question was sold to U.S. Bank.

13.     Portfolio's Complaint and attached Affidavit asserts it is the purchaser and current owner of the account, and is entitled to enforce the obligation and receive payment on the balance of $3,387.69, plus "all costs paid and expended, and for all other proper relief."

14.     The last account statement of November 9, 2010 provided to Garibay by U.S. Bank reflects a balance due of $4.03. A copy of that account statement is attached hereto as "**Exhibit 2**" and incorporated as if set forth word for word.

15.     That on November 20, 2010, Garibay paid U.S. Bank $4.03 by money order to pay the account if full. A copy of that money order is attached hereto as "**Exhibit 3**" and incorporated as if set forth word for word.

16.     The actions by Portfolio constitute false, deceptive and misleading information in connection with debt collection in violation of 15 U.S.C §1692e.

17.     The actions by Portfolio constitute unfair or unconscionable means to attempt to collect debt in violation of 15 U.S.C §1692f.

18.     The actions by Portfolio constitute conduct the natural consequence of which is to harass, oppress or abuse any person in violation of 15 U.S.C. §1692d.

19.     The actions by Portfolio constitute the threat to take any action that cannot legally be taken in violation of 15 U.S.C. §1692e(5)

20.     The lawsuit filed by Portfolio is outside the applicable statute of limitations for a contract, obligation or liability not in writing, three (3) years, pursuant to Arkansas Code

3

Annotated §16-56-105.

21.     The last date of payment on the account was November 20, 2010.  Portfolio filed its lawsuit on September 19, 2014, which is outside the applicable statute of limitations.

22.     By filing a lawsuit to collect a debt which is outside the statute of limitations, Portfolio is taking action that cannot legally be taken in violation of 15 U.S.C. §1692e(5).

23.     By filing a lawsuit to collect a debt which has been paid in full to the original creditor, Portfolio is taking action that cannot legally be taken in violation of 15 U.S.C. §1692e(5).

24.     Portfolio professes to be in the same shoes as U.S. Bank due to its purchase and assignment of the account.

25.     Portfolio would not acquire any greater rights than U.S. Bank had at the time of the alleged purchase.

26.     The Complaint further requests "all costs herein paid and expended, and for all other proper relief."

27.     Because "all costs herein paid and expended, and for all other proper relief." are not authorized by the agreement creating the debt, the Complaint seeks to collect amounts not authorized by contract in violation of 15 U.S.C. §1692f(1).

28.     By not attaching the agreement upon which it is suing, Portfolio is making a false representation of the character, amount, or legal status of the debt in violation of 15 U.S.C. §1692e(2)(A).

29.     By not attaching the agreement upon which it is suing, Portfolio is engaging in unfair or unconscionable means in its attempt to collect the alleged debt in violation of 15 U.S.C. §1692f.

4

30. Portfolio has attached no evidence that it purchased the debt from the original creditor and; thus, is taking action which cannot legally be taken in violation of 15 U.S.C. §1692e(5).

31. Portfolio is in violation of 15 U.S.C. §1692e(10) by making false representations and engaging in deceptive means in attempting to collect the debt by its inability to document any agreement between Garibay and any creditor.

32. Gariday has suffered embarrassment, humiliation, mental distress and emotional anguish, as well as physical symptoms of injury as a result of the aforementioned mistaken, alleged and/or improperly asserted consumer debt, and has incurred costs, expenses and attorney fees.

## VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT

33. The averments set forth in paragraphs 1-32 are adopted herein and incorporated as if set forth word for word.

34. Portfolio engaged in abusive, harassing, oppressive conduct, false, deceptive or misleading representations, and unfair or unconscionable collection methods in contravention of 15 U.S.C. §1692, a course of action which violated the FDCPA in the following particulars:

   i. attempting to collect a debt not owed pursuant to: 15 U.S.C. §1692e(2), and 1692e(10);

   ii. attempting to collect a debt for an improper amount pursuant to: 15 U.S.C. §1692f; 1692e(2) and 1692e(10);

   iii. conduct the natural consequence of which is to harass, oppress or abuse any person pursuant to 15 U.S.C. §1692d

   vi. taking action that cannot legally be taken pursuant to 15 U.S.C. §1692e(5)

   vii. 15 U.S.C §1692f(1) which prohibits a debt collector from collection of any

5

amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

viii. making a false representation of the character, amount, or legal status of the debt in violation of 15 U.S.C. §1692e(2)(A).

35.     Portfolio's conduct are violations of the FDCPA for which strict liability applies pursuant to 15 U.S.C. §1692, et seq..

36.     Portfolio's conduct are violations of the FDCPA for which statutory damages of $1,000.00 apply pursuant to: 15 U.S.C. §1692k(a)(2)(A).

37.     Portfolio's conduct was a producing cause of actual damages incurred by Garibay pursuant to: 15 U.S.C. §1692k(a)(1).

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

38.     The averments set forth in paragraphs 1-37 are adopted herein and incorporated as if set forth word for word.

39.     Portfolio, because it illegally attempted to collect a debt from Garibay for which he did not owe by filing a lawsuit in the District Court of Garland County, Arkansas, Portfolio made a public record of Garibay's private financial affairs and intentionally intruded upon Garibay's solitude or seclusion and believed or was substantially certain that it lacked the necessary legal authority or personal permission, invitation, or valid consent to commit the intrusive act.

## DAMAGES

40.     The averments set forth in paragraphs 1-39 are adopted herein and incorporated as if set forth word for word.

6

41.     As a direct and proximate result of the occurrence made the basis of this lawsuit,

Garibay sustained damages and injuries including, but not limited to, the following:

>  i.   increased temper;
>
>  ii.  loss of sleep and insomnia;
>
>  iii. anxiety, nervousness, fear, and worry;
>
>  iv.  emotional distress and mental distress;

42.     As a direct and proximate result of the occurrence made the basis of this lawsuit,

Garibay is entitled to the following damages:

>  i.   actual costs, expenses and attorney fees.
>
>  ii.  statutory damages in the maximum amount of: $1,000.00.
>
>  iii. additional actual damages to be determined.

## JURY DEMAND

43.     The averments set forth in paragraphs 1-42 are adopted herein and incorporated as

if set forth word for word.

44.     Garibay demands a jury trial on all issues so triable.

## PRAYER

WHEREFORE, Garibay prays the Court enter judgment in his favor, grant him an award

of statutory damages, actual damages as well as his attorney fees and costs.

Respectfully submitted,

By: _____

Todd Wooten, Esq.   ABN 94034
**WOOTEN LAW FIRM**
2226 Cottondale Lane, Suite 210
Little Rock, Arkansas 722202
Telephone: (501) 218-6064
todd@wootenlaw.net

and

J.R. Andrews, Esq.   ABN 92041
Attorney at Law
2014 Martha Drive
Little Rock, Arkansas 72212
Telephone: (501) 680-3634
jrandrewsatty@yahoo.com

Attorneys for Plaintiff